IN THE SUPREME COURT OF THE STATE OF NEVADA

GRANT MCCANDLESS,
Appellant,
vs.
SARA ANDERSON,
Respondent.

No. 77868

FILED

OCT 23 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a motion to modify child custody and an order denying a motion for reconsideration.[1] Eighth Judicial District Court, Family Court Division, Clark County; Charles J. Hoskin, Judge.

In July 2018, the parties, through their counsel, agreed to joint physical custody and that appellant would have the child one overnight weekly until January 1, 2019, then two overnights weekly until the child turned two years old, and then three overnights weekly thereafter. Appellant's counsel placed the parties' agreement on the record for the district court. In doing so, appellant's counsel explained that appellant would have the child "a day at one year, the second day at January, and the third day" when the child turns two. Appellant's counsel also indicated that appellant understood the preference for joint physical custody and that he was "making a compromise to let this ride this long." Thereafter, appellant filed a motion to enforce the agreement whereby he sought time with the child during the day in addition to his one overnight visit. The district court denied that request. Appellant filed a motion to reconsider and the district

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

19-43761

court denied that motion, but provided appellant an additional four hours weekly visitation time with the child. This appeal followed.

Appellant contends that he did not seek to modify custody because custody had yet to be determined, and to the extent the July 2018 order was a final custody order, his due process rights were violated because he did not have notice that it was a final custody order. He further argues that the district court rewrote the parties' agreement by determining that an "overnight" visit meant 24 hours instead of night-time visitation. And that because the parties agreed to joint physical custody, the parties must have agreed that he would have visitation beyond the night-time visitation.

The July 2018 order was a final custody order because the parties had agreed to resolve the custody issues and, as appellant's counsel stated at that hearing, the agreed-upon mediation pertained only to "what those days are going to be." There is no evidence in the record that appellant's due process rights were violated by agreeing to that order or that respondent is undermining appellant's relationship with the child as appellant agreed to the custodial timeshare. Additionally, because appellant's own counsel indicated that the agreed-upon "overnights" meant "days," the district court properly concluded the parties had agreed to 24-hour visitation periods. *See Mack v. Estate of Mack*, 125 Nev. 80, 95, 206 P.3d 98, 108 (2009) ("[T]he question of whether a contract exists is one of fact, requiring this court to defer to the district court's findings unless they are clearly erroneous or not based on substantial evidence." (internal quotation omitted)). Thus, the district court did not abuse its discretion in denying appellant's motion to modify the July 2018 custody order to include additional visitation time or in denying appellant's motion for reconsideration. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541,

543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

cc: Hon. Charles J. Hoskin, District Judge, Family Court Division
   Grant McCandless
   Sara Anderson
   Eighth District Court Clerk

---

[2]To the extent respondent asks us to declare appellant a vexatious litigant, we decline to do so because respondent has not made such a request before the district court and appellant has not had reasonable notice of and an opportunity to oppose such a request. *See Jones v. Eighth Judicial Dist. Court*, 130 Nev. 493, 499, 330 P.3d 475, 479 (2014) (requiring a party to have reasonable notice and opportunity to oppose a vexatious litigant motion).

SUPREME COURT
OF
NEVADA

(O) 1947A